IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROXANNE OLIVAN ROSALES, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-00543-ESC |
| | § | |
| vs. | § | |
| | § | |
| KILOLO KIJAKAZI, COMMISSIONER | § | |
| OF SOCIAL SECURITY,[1] | § | |
| | § | |
| *Defendant.* | § | |

## <u>ORDER</u>

This order concerns Plaintiff's request for review of the administrative denial of her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 405(g), 1383(c)(3).  After considering Plaintiff's Opening Brief [#12], Defendant's Brief in Support of the Commissioner's Decision [#13], Plaintiff's Reply Brief [#14], the transcript ("Tr.") of the SSA proceedings [#9], the other pleadings on file, the applicable case authority and relevant statutory and regulatory provisions, and the entire record in this matter, the Court concludes that substantial evidence does not support the Commissioner's decision to reject the treating physician's opinion and that reversible legal error was committed during the proceedings.  The Commissioner's decision will therefore be **VACATED** and this case **REMANDED** for further fact-finding consistent with this opinion.

## I.  Jurisdiction

This Court has jurisdiction to review a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g).  The undersigned has authority to enter this Order pursuant to 28

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is hereby substituted for former Commissioner Andrew Saul as the Defendant in this suit.

U.S.C. § 636(c)(1), as all parties have consented to the jurisdiction of a United States Magistrate Judge [#4, #8].

## II.  Legal Standard

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the ALJ's decision,[2] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence.  *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).   "Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).   The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).   Conflicts in the evidence and credibility assessments are for the Commissioner, not the Court, to resolve.  *Id.*   While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*.  *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

In determining if a claimant is disabled, the Commissioner uses a sequential, five-step approach, which considers whether:  (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work.  *Garcia v. Berryhill*, 880 F.3d 700,

---

[2] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner.  *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Apfel*, 209 F.3d 413, 414 (5th Cir. 2000).

704 (5th Cir. 2018). If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability. *Id.* A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

### III. Factual Background

Plaintiff Roxanne Olivares Rosales filed her application for DIB on January 19, 2017, alleging disability since January 3, 2015. (Tr. [#9], at 171.) At the time of her DIB application, Plaintiff was a 40-year-old high school graduate. (*Id.*; Tr. 18.) Plaintiff has past relevant work experience as a cosmetologist. (Tr. 17.) The related medical conditions upon which Plaintiff based her initial DIB application include lupus, fibromyalgia, depression, anxiety disorder, hearing loss, irritable bowel syndrome, insomnia, neck problems, back problems, herniated disk, adrenal grand disorder, edema, and vision problems. (Tr. 177.) Plaintiff's application for DIB was denied initially on January 12, 2018, and again upon reconsideration on June 22, 2018. (Tr. 100, 106.)

Following the denial of her claim, Plaintiff requested an administrative hearing. Plaintiff and her representative Angie Saltman attended the administrative hearing before Administrative Law Judge ("ALJ") David R. Wurm on January 17, 2019. (Tr. 9–10.) Plaintiff and vocational expert ("VE") Amanda Armstrong provided testimony at the hearing. (Tr. 27.)

The ALJ issued an unfavorable decision on April 9, 2019. (Tr. 10–19.) The ALJ found that Plaintiff met the insured status requirements of the SSA and applied the five-step sequential analysis required by SSA regulations. At step one of the analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 3, 2015, the alleged disability onset

date.  (Tr. 12.)  At step two, the ALJ found Plaintiff to have the following severe impairments: cervical and lumbar degenerative disc disease, history of right forearm fracture, hearing loss, autoimmune hepatitis, systemic lupus erythematous, fibromyalgia, major depressive/adjustment disorder, and anxiety disorder.   (Tr. 12.)   At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in the applicable Social Security regulations so as to render Plaintiff presumptively disabled.  (Tr. 13.)

Before reaching step four of the analysis, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light exertion work as defined in 20 C.F.R. § 404.1567(b) with limitations including that Plaintiff is never able to climb ladders or scaffolds and can occasionally climb ramps and stairs, crouch and crawl, and reach overhead.  (Tr. 15.) The ALJ also found that Plaintiff is only able to understand, remember, and carry out simple, routine instruction.  (*Id*.)  At step four, the ALJ determined that Plaintiff is not capable of performing her past relevant work as a cosmetologist.  (Tr. 17.)  At step five, the ALJ determined that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 18.)  Accordingly, the ALJ determined that Plaintiff is not disabled for purposes of the Act, and therefore is not entitled to receive DIB.  (Tr. 19.)

Plaintiff requested review of the ALJ's decision, but her request was denied by the Appeals Council on March 6, 2020.  (Tr. 1.)  On May 5, 2020, Plaintiff filed the instant case, seeking review of the administrative determination [#3].

## IV. Analysis

Plaintiff raises two points of error in this appeal: (1) the ALJ failed to follow the treating physician rule by improperly rejecting the opinion of her treating physicians without good cause;

4

and  (2) the ALJ's mental RFC determination is unsupported by substantial evidence because he failed to develop the record and obtain an updated opinion of Plaintiff's functioning with respect to her depression and anxiety, which he had found severe.  (Pl. Brief [#12], at 8–9.)  For the reasons set forth below, the Court finds that the ALJ's failed to accord appropriate weight to the opinion of treating physician Dr. Antonio Flores—or to give good reasons for rejecting it—in determining Plaintiff's physical RFC.  The Court also finds that the ALJ did not fail to adequately develop the record with regard to Plaintiff's mental RFC.  The ALJ's error regarding the treating physician's rule necessitates remand.

**A.      The ALJ failed to provide good cause to reject Dr. Flores's opinion.**

Because Plaintiff filed her DIB application on January 19, 2017, the treating-physician rule applies to her claim.[3]  Under this rule, ALJs are required to give a treating physician's opinion "controlling weight" in the absence of certain specific findings.  *See* 20 C.F.R. § 404.1527(c)(2).  If a treating source's opinion is well-supported by medically acceptable clinical and lab diagnostic techniques and is consistent with other substantial evidence, an ALJ is required to give it controlling weight.  *Id.*  The Fifth Circuit has "long held that 'ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability.'"  *Greenspan*, 38 F.3d at 237 (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)).  But a treating physician's opinions are not conclusive, and "the ALJ has sole responsibility for determining a claimant's disability status."  *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990).  The task of weighing evidence is the province of the ALJ; the reviewing court's job is merely to determine if there is substantial evidence in the record as a

---

[3] The treating-physician rule no longer applies to claims filed after March 27, 2017.  *See* 20 C.F.R. § 404.1520c.

whole that supports the ALJ's decision.  *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).  Accordingly, "[t]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Martinez*, 64 F.3d at 176 (quoting *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)).

Still, if the ALJ assigns less-than-controlling weight to a treating source's opinion, he must articulate "good reasons" for doing so.  *See* §§ 404.1527(c)(2), 416.927(c)(2); *see also Greenspan*, 38 F.3d at 237 ("[W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony.").  "Good cause" exists to discount or reject a treating physician's opinion if the treating source opinion is brief and conclusory, unsupported by medically acceptable clinical and laboratory diagnostic techniques, or otherwise unsupported by the evidence.  *See Newton*, 209 F.3d at 456.  Absent reliable medical evidence from a treating or examining physician controverting the plaintiff's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's view under the factors set forth in 20 C.F.R. § 404.1527(c)(2).  *Id.* at 453.  The factors are length of treatment; frequency of examination; nature/extent of treatment relationship; supportability; consistency; and specialization.  *Id*. (citing 20 C.F.R. § 404.1527(c)(2)).

Here, Plaintiff argues the ALJ violated the treating physician rule with regard to Dr. Flores and Dr. Walter Bain.  A treating source is one who provides medical treatment or evaluation and who has or has had an ongoing treatment relationship with a plaintiff.  *See* 20 C.F.R. § 404.1527(a)(2).  An ALJ will also consider a doctor to be a treating source who has evaluated a plaintiff only a few times or after long intervals only if the nature and frequency of the treatment or evaluation is typical for the plaintiff's conditions.  *Id*.  Dr. Flores is a treating physician.  But according to the record, Dr. Bain only saw the Plaintiff one time for a hearing

and speech examination.  (Tr. 910.)  Nothing on the record illustrates that Dr. Bain prescribed any treatment, as Plaintiff had her hearing aids on at the appointment.  (*Id*.)  Therefore, Dr. Bain does not fit the definition of a treating source.

Plaintiff's treating physician Dr. Flores saw Plaintiff on a consistent basis from 2013 to 2017.  (Tr. 585.)  In his treatment notes over those years, he consistently indicated that Plaintiff was in pain and had joint stiffness and anxiety due to her lupus.  (Tr. 585–715.)  He wrote in his physical assessment that Plaintiff's lupus symptoms were frequently severe enough to interfere with her ability to concentrate and to cause limitations on her ability to work at an appropriate and consistent pace, complete tasks in a timely manner, sustain an ordinary routine at work, or work a full day without needing more than the allotted number or length of rest periods during the day.  (Tr. 452–53.)  Dr. Flores also opined that, in a typical workday, Plaintiff would need breaks every hour that would not last more than an hour and would be unable to walk more than a block, lift more than ten pounds, or use her hands for grasping, turning, or twisting objects. (*Id*.)  Further, Plaintiff would be absent more than four times per month.  (Tr. 453.)

The ALJ gave little weight to the opinion of Dr. Flores, concluding it was "not supported by the record."  (Tr. 17.)  The ALJ found the opinion to be unsupported because Plaintiff works part-time, cares for her daughter, and has been prescribed conservative treatment.  (*Id*.)  Before assigning little weight to Dr. Flores's opinion, the ALJ was required to show reliable medical evidence from a treating or examining physician controverting Dr. Flores's opinion or was required to perform a detailed analysis of his opinion under the four factors set forth in 20 C.F.R. § 404.1527(c)(2).  The ALJ did neither; he did not identify contradictory medical evidence from a treating or examining physician in the record, and he only analyzed two of the four factors set

forth in the regulations.  Therefore, the ALJ improperly gave little weight to Dr. Flores's opinion and committed reversible error.  *Newton*, 209 F.3d at 456.

The ALJ only analyzed Dr. Flores's opinion in terms of supportability and consistency, but even his conclusions on these two factors are not supported by substantial evidence.  First, the ALJ does not explain why Plaintiff working part-time is inconsistent with Dr. Flores's opinion.  Dr. Flores's treatment notes and physical assessment indicate that Plaintiff needs frequent breaks; is unable to use her hands for grasping, turning, or twisting objects; and has difficulty concentrating and finishing a task.  (Tr. 452–53.)  While the ALJ points to Plaintiff's hearing testimony that she works part-time to controvert Dr. Flores's opinion,  the doctor's opinion is, in fact, consistent with Plaintiff's testimony.  Plaintiff used to be a salon owner and full-time hairstylist but testified that she now goes into the salon twice a week for a few hours.  (Tr. 55, 296, 298.)  Plaintiff further testified that, because of her chronic pain, she is unable to set a schedule at the salon, which has caused her to lose many clients.  (Tr. 56.)  When she does work at the salon, she avoids doing haircuts and can only partially complete the task of coloring a client's hair, but she needs one of her co-workers to help her finish the job.  (*Id.*)  She has tried other jobs at the salon that do not require her to be on her feet, but she cannot stay focused because of brain fog and her inability to concentrate.  (*Id.*)  Thus, the first of the ALJ's reasons for rejecting Dr. Flores's opinion is not supported by the record.

The ALJ's second stated reason for rejecting Dr. Flores's opinion about Plaintiff's work-related abilities is that it is inconsistent with evidence in the record that Plaintiff's cares for her 11-year-old daughter.  (Tr. 17.)  It is not.  The only description in the record of Plaintiff's ability to care for her daughter is in the administrative hearing, where Plaintiff testified that that after 10 to 15 minutes of talking with her daughter, she cannot comprehend what her daughter is saying

because she cannot focus.  (Tr. 50.)  This testimony is consistent with Dr. Flores's opinion that Plaintiff has difficulty concentrating.

The ALJ's opinion also stated that he rejected Dr. Flores's opinion because it is inconsistent with the conservative treatment Plaintiff received, as reflected in Plaintiff's longitudinal treatment records.  In *Greenspan*, the Fifth Circuit affirmed the ALJ's decision rejecting the treating physician's conclusion that the claimant was disabled in part because of the physician's conservative prescribed treatment.  38 F.3d at 237.  The claimant alleged disability due to her allergies to "almost everything in the work environment" and chronic anxiety reactions.  *Id.* at 235.  The treating physician only prescribed organic foods, bottled water, filtered air conditions, and regular injections and only conducted blood pressure tests and "provocative-neutralization" tests—which the Court deemed to be controversial.  *Id.* at 237–38. Thus, concluded the Fifth Circuit, it was not error for the ALJ to reject the physician's opinion that the plaintiff had limitations that would be consistent with more aggressive treatment.  *Id.* Applying similar rationale, the Fifth Circuit has also upheld ALJs' decisions to deny benefits to plaintiffs who claim they suffer from disabling pain but whose treating physicians prescribed them pain mediation meant to treat only mild to moderate pain.  *See, e.g., Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012); *Dale v. Chater*, 103 F.3d 127, 1996 WL 731619, at *3 (5th Cir. Dec. 5, 1996).

This case is not similar to *Greenspan*, *Jones*, or *Dale*.  Here, Plaintiff's treatment has not been conservative.  Dr. Flores prescribed Plaintiff several different medications to deal with her ailments; in fact, Plaintiff testified at her administrative hearing that she takes 11 pills in the morning and 21 pills throughout the day.  (Tr. 45.)  In addition to seeing her treating physician, Plaintiff has regularly seen many specialists for mental health, pain relief, and gastrointestinal

issues.  (Tr. 456, 744, 916.)  Dr. Shaun Johnson performed pain reduction injections on Plaintiff over a dozen times over a two-year period.  (Tr. 957–1030.)  Each injection provided varying degrees of pain alleviation for Plaintiff, with the most recent injection providing pain relief for just a few days.  (*Id.*)  Unlike in *Greenspan* where the doctor's conservative treatment contradicted his opinion as to the severity of the claimant's physical ailments, Plaintiff was prescribed an extensive list of medications and showed continuous attempts to acquire pain relief consistent with Dr. Flores's descriptions of Plaintiff's pain, joint stiffness, and anxiety throughout his years of treatment.  Plaintiff's treatments are consistent with Dr. Flores's opinion about Plaintiff's physical limitations at work due to her ailments.  The ALJ's characterization of Plaintiff's treatment as "conservative" is not supported by the record.

In summary, in rejecting Dr. Flores's opinion, the ALJ failed to identify in the record any reliable medical evidence from a treating or examining physician that contradicted Dr. Flores's opinion.  Because he failed to do this, he was required to provide a detailed assessment using the *Newton* factors, which are length of treatment, frequency of examination, the nature/extent of the treatment relationship, consistency, supportability, and specialization.  20 C.F.R. § 404.1527(c)(2); *Newton*, 209 F.3d at 453.  While the ALJ assessed the supportability and consistency of Dr. Flores's opinion before giving it little weight, he did not address any of the other factors, and even his discussion on those two points is not supported by the record.  The ALJ erred, and remand is required.

**B.    The ALJ does not need to further develop the record as to Plaintiff's mental RFC.**

Plaintiff's second point of error is that the ALJ failed to properly develop the record because he did not have an updated medical opinion that contained a functional analysis of Plaintiff's limitations as a result of her mental impairments, anxiety, and depression.  (Pl. Brief

[#13], at 15.)  An ALJ has a duty to develop the record and consider all of the relevant evidence before determining that a plaintiff is not eligible for disability benefits.  *See Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  A court will reverse an ALJ's decision as not supported by substantial evidence if the claimant shows that: (1) the ALJ failed to fulfill his duty to develop the record adequately; and (2) that failure prejudiced the plaintiff.  *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996).  Here, Plaintiff argues that the ALJ should have recontacted a medical source or obtained another consultative examination before evaluating the limitations caused by Plaintiff's mental impairments.  (Pl. Brief [#13], at 20.)  The Court finds, however, that the ALJ was not required to take either action to further develop the record.

Where the record contains ample objective and opinion evidence supporting the ALJ's conclusions, the ALJ is not required to develop the record further by recontacting physicians.  *Jones*, 691 F.3d at 733.  The ALJ is required to request more documentation only where there is no relevant evidence in the record from other treating sources.  *Id.* at 733.  Here, there is ample evidence in the administrative record about Plaintiff's mental health and related functional limitations.  In the ALJ's decision, he cited Plaintiff's multiple mental status examination and the physicians' treatment notes about her mental impairments, including: (1) the notes of Dr. Dean Zincone who indicated that Plaintiff has anxiety (Tr. 811, 1162–69, 1184–89); (2) the notes of Dr. Beg Humayun, who opined that Plaintiff did not have depression and was mentally alert (Tr. 769); and (3) the notes of Dr. Flores, who referred Plaintiff to a therapist and wrote a Mental Capacity Assessment of Plaintiff in which he indicated that she has a moderate limitation in the ability to adapt to changes (Tr. 450, 592).  The ALJ also cited the evaluation of Dr. Russel Thompson, who found that Plaintiff has a normal ability to bathe herself, cook, clean, manage finances, and transport herself, but her thinking is somewhat disorganized, and she has

adjustment disorder with mixed depression and anxiety.  (Tr. 744–45.)  Plaintiff's doctors also noted that she was cooperative and alert, and none indicated that she exhibited suicidal ideations or hallucinations.  (Tr. 594, 769.)  Because there is ample relevant evidence from treating physicians regarding Plaintiff's mental limitations in the record, the ALJ was not required to recontact the physicians to further develop the record.

The ALJ was also not required to order another consultative examination of Plaintiff to develop the record.  A consultative examination is required to develop a "full and fair record" only if "the record establishes that such an examination is necessary to enable the [ALJ] to make the disability decision."  *Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016) (citing *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987)).  The decision to require such an examination is discretionary.  *Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989).  Here, there is no indication in the record that the ALJ needed to order another consultative examination of Plaintiff.  As is discussed above, the Plaintiff's mental limitations were assessed repeatedly in the record by treating physicians and a psychologist.

Plaintiff has failed to show that the ALJ failed to develop the record adequately with regard to Plaintiff's mental RFC limitations.  Therefore, the ALJ did not commit legal error on this matter.

## V. Conclusion

Based on the foregoing, the Court finds that reversible error was committed during these proceedings because substantial evidence does not support the Commissioner's decision to reject the treating physician's opinion.

**IT IS THEREFORE ORDERED** that the Commissioner's decision finding that Plaintiff is not disabled is **VACATED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion.

SIGNED this 31st day of August, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE