UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROXANNE OLIVAN ROSALES, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Case No.  SA-20-CV-00543-ESC |
| | § | |
| KILOLO KIJAKAZI, ACTING | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY; | § | |
| *Defendant.* | § | |

## ORDER

This order concerns Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#16].  Plaintiff has also filed a Memorandum in support of the motion [#17].  In her motion, Plaintiff asks the Court to award attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), as the "prevailing party" in the above-styled cause of action.  The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements.  *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988).  Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified, or special circumstances make an award unjust.  *Id.*

The record reflects that on December 1, 2021, the Court ordered that the Commissioner's decision that the Plaintiff is not disabled be vacated and remanded [#15].  The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.  *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

Plaintiff has requested fees in the amount of $7,551.99 and expenses in the amount of $17.25.  In support of this request, Plaintiff's counsel, Howard Olinsky, has itemized the hours he, his associates, and his paralegal spent representing Plaintiff.  In total, Plaintiff's attorneys have spent a total of 33.5 hours on this case at the 2020 EAJA rate of $203.94 per hour and the paralegal spent a total 7.2 hours at a rate of $100.00 per hour.  The Commissioner has filed a response [#18], which indicates he is not opposed to Plaintiff's fee request.

Having reviewed the motion and the record in this case, and in light of the lack of opposition on the part of the Commissioner, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case, and the Court will grant Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $7,569.24 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  If the U.S. Department of the Treasury determines that Plaintiff's EAJA fees, expenses, and costs are not subject to total offset allowed under the Department of the Treasury's Offset Program (TOPS), then the check for EAJA fees, expenses, and costs shall be made payable to Plaintiff and mailed to Plaintiff's attorney, Howard D. Olinsky, 250 South Clinton Street, Suite 210, Syracuse, NY 13202.

SIGNED this 2nd day of December, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

2