IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROXANNE OLIVAN ROSALES, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-00543-ESC |
| | § | |
| vs. | § | |
| | § | |
| KILOLO KIJAKAZI, ACTING | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY; | § | |
| | § | |
| *Defendant.* | § | |

**<u>ORDER</u>**

Before the court in the above-styled cause of action is Plaintiff's Motion and Brief for Attorney Fees Pursuant to Social Security Act Section 206(b)(1) [#20].  By his motion, Plaintiff's counsel, Howard D. Olinksy, asks the Court to award him $14,560.13 out of Plaintiff's past-due benefits award from the Social Security Administration ("SSA") as attorney's fees under Section 206(b)(1) of the Social Security Act.  Having considered the motion and the Commissioner's response [#21], the Court will grant Mr. Olinksy's motion.

The record reflects that on August 31, 2021, the Court vacated the Commissioner's decision finding Plaintiff not disabled and remanded this case for further administrative proceedings [#15].  Plaintiff thereafter moved for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and this Court granted the motion, awarding Plaintiff $7,551.99 in attorney's fees and $17.25 in expenses [#19].  The SSA issued its final determination on remand on February 20, 2023, finding Plaintiff disabled and granting her total past due benefits of $82,240.52.  (Notice of Award [#20-3].)  The SSA withheld 25 percent of this benefit award, an amount of $20,560.13, in order to pay possible attorney's fees under

1

Section 206(b)(1).  Mr. Olinsky asks the Court to deduct from this amount the $6,000 awarded to Plaintiff's attorney who represented her in the post-litigation hearing before the SSA and award him the remaining $14,560.13.

According to Section 206(b)(1),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, **not in excess of 25 percent of the total of the past-due benefits** to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1) (emphasis added).  In considering a motion for a 406(b) fee award, the Court must decide whether the requested award is reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  An award of 25 percent is considered the ceiling for fees, not an amount that is automatically considered reasonable.  *Id.* at 807.  Where the plaintiff and his or her attorney have entered into a contingency fee agreement, the Court must review for reasonableness the fees yielded by that agreement and assess whether the fees would result in a windfall for the attorney. *Id.* at 808–09.  The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned such that it may be considered a windfall.  *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010).  It has noted with approval, however, several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee."  *See id.* at 381–82. While not determinative, the existence of a contingency fee agreement indicates that the plaintiff consented to the agreed upon fee.  *Id.*

The Commissioner filed a response to Plaintiff's motion [#21], indicating that she takes no legal position as to the appropriateness or reasonableness of the request for fees, but submits

that the requested fee does not appear unreasonable.  For the purposes of fee determination, the Commissioner is not a true party in interest; instead, the Commissioner's role is similar to a trustee.  *Id.* 374 n.1 (citing *Gisbrecht*, 535 U.S. at 798 n.6).

Having reviewed Mr. Olinksy's motion, the supporting documentation provided, and the submission by the Commissioner, the Court finds the fee request reasonable.  The record reflects that Plaintiff and Mr. Olinsky entered into a contingency fee agreement, which provides that Plaintiff will pay Mr. Olinsky a fee equal to 25 percent of the past due benefits awarded to Plaintiff.  (Fee Agreement [#20-2], at 2.)  Time records attached to Mr. Olinsky's motion demonstrate that he and his associate attorneys spent 33.5 hours on this matter, and his paralegals spent 7.2 hours.  (Fee Records [#20-4, #20-5, #20-6].)  If the paralegal hours are billed at $100.00 per hour and deducted, based on the $14,560.13 in requested fees, the effective hourly attorney rate is $413.14.  (*Id.*)  The Court has considered several factors in evaluating the reasonableness of the requested fees and finds Mr. Olinksy's requested $14,560.13 to be reasonable.

Mr. Olinksy is an experienced disability attorney who has provided effective and efficient representation repeatedly in this Court and has obtained a favorable result for Plaintiff.  Mr. Olinsky's hourly rate of $413.14 falls well within, if not below, amounts that have been approved by courts as reasonable under similar circumstances for counsel with commensurate experience.  *See, e.g.*, *Aina v. Kijakazi*, No. 5:19-CV-153, 2022 WL 2959719, at *3 (S.D. Tex. June 28, 2022), *report and recommendation adopted,* No. 5:19-CV-153, 2022 WL 2954336 (S.D. Tex. July 26, 2022) (awarding fees amounting to an hourly rate of $459.78, and finding award "well within the amount typically approved by courts in the Fifth Circuit."); *Brown v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-0190-BH, 2022 WL 1156019, at *3 (N.D. Tex. Apr.

19, 2022) ("Counsel's resulting hourly rate of $480.769 falls well below amounts that have been approved by courts as reasonable."). This hourly rate requested, which takes into consideration the risk of non-recovery, is reasonable. Finally, the fee request is consistent with the terms of Plaintiff's fee agreement with Mr. Olinksy, which indicates her consent to the award.

In summary, the fee award requested by Mr. Olinksy is reasonable, and the Court will grant the motion. If a plaintiff's attorney receives fees pursuant to the EAJA and Section 206(b)(1) fees, then the attorney must refund the amount of the smaller fee to the plaintiff to offset the greater award. *See Gisbrecht*, 535 U.S. at 796. In his motion, Mr. Olinksy indicates he will refund the $7,7751.99 EAJA attorney's fees award to Plaintiff upon receipt of the Section 206(b)(1) award.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion and Brief for Attorney Fees Pursuant to Social Security Act Section 206(b)(1) [#20] is **GRANTED**.

**IT IS FURTHER ORDERED** that Howard D. Olinsky be awarded $**14,560.13** in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. 40b(b), held by the Commissioner for such purposes.

**IT IS FINALLY ORDERED** that, upon receipt of payment, Mr. Olinksy shall refund the **$7,751.99** EAJA fee received in this matter to Plaintiff.

SIGNED this 13th day of July, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE